UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHARMA SUDHANSHU, <br><br> Petitioner, <br><br> v. <br><br> SAMUEL OLSON Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> )    No. 2:26-cv-00132-JPH-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Sudhanshu Sharma has been detained at the direction of U.S. Immigration and Customs Enforcement (ICE) since November 4, 2025. Mr. Sharma is currently detained at the Clay County Jail. He petitions for a writ of habeas corpus, specifically asking the Court to order that he be immediately released from detention.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m.** on **March 23, 2026**, Respondents must either: (1) afford Mr. Sharma an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Sharma from custody, under reasonable conditions of supervision.

## I. Facts

Mr. Sharma entered the United States near Lukeville, Arizona, in 2023. He did not present for inspection at a port of entry. Border Patrol agents apprehended Mr. Sharma shortly after he crossed the border. *See* dkt. 8-3 at 3.

Immigration officials ordered Mr. Sharma to appear for removal proceedings. Dkt. 8-1. However, they did not detain Mr. Sharma. Rather, they released Mr. Sharma on his own recognizance, conditioned on his compliance with specified conditions, "[i]n accordance with" 8 U.S.C. § 1226. Dkt. 8-2.

On October 30, 2025, Seymour police initiated a traffic stop after determining that the car Mr. Sharma was driving had an expired registration. Mr. Sharma consented to a search of the vehicle, and officers arrested him after discovering vape cartridges containing marijuana. He now faces pending felony and misdemeanor charges in Jackson County. Dkt. 8-4.

On November 4, 2025, the Jackson County authorities handed Mr. Sharma over to ICE pursuant to a detainer. Dkt. 8-3. An immigration official issued an administrative warrant citing 8 U.S.C. § 1226 and directing that Mr. Sharma be detained. Dkt. 8-3 at 1. Mr. Sharma has been in ICE custody since then and currently is detained at the Clay County Jail. Dkt. 8-3. On March 5, an ICE official noted on Mr. Sharma's release paperwork that his order of release was canceled for failing to comply with the conditions of release. Dkt. 8-2 at 1. There is no indication that Mr. Sharma has received or requested a bond hearing.

## II. Analysis

Mr. Sharma claims that his current detention violates the Immigration and Naturalization Act (INA) (Count I) and the Due Process Clause of the Fifth Amendment (Count II). Dkt. 5 ¶¶ 48–53. Respondents argue that Mr. Sharma is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that,

in the alternative, he is entitled to at most a bond hearing under the INA pursuant to 8 U.S.C. § 1226(a). Dkt. 8.

The Court finds that Mr. Sharma's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Sharma is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.

## A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

3

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for

4

admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.     Mr. Sharma's Detention Is Governed by 8 U.S.C. § 1226(a)**

The record reflects that Mr. Sharma's detention is governed by § 1226(a). As discussed further below, this makes him eligible for a bond hearing. By refusing to provide a bond hearing, the respondents are detaining Mr. Sharma in violation of the laws of the United States, and he therefore is entitled to habeas corpus relief.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Sharma who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi*, No. 1:25-cv-02101-

SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb, 6, 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)); *see* dkt. 8 (citing *Buenrostro-Mendez* throughout). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as Mr. Sharma can be said to be "seeking admission" even though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S.*

6

*Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent. In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Sharma, *i.e.*, releasing him on his own recognizance and then arresting him inside the United States pursuant to an administrative warrant, both times under the express authority of § 1226. Given the government's treatment of Mr. Sharma, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. See *Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). These facts are also different from the facts presented in *Cruz*

*Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), *withdrawn & superseded*, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference. Unlike Mr. Cruz Rodriguez, who was subjected to a warrantless arrest, Mr. Sharma was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Sharma's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief.

## C.    Scope of Relief

Mr. Sharma is entitled to habeas relief because his continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).  Mr. Sharma requests immediate release from custody.  Dkt. 1 at 16.

Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).  The Court finds that it would not be in the interests of justice to order Mr. Sharma's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations. This

is because it is not Mr. Sharma's detention itself that is unlawful; it is his detention *without a bond hearing* that violates the law.  Thus, the remedy appropriate to the violation is to provide him with that bond hearing.

### III. Conclusion

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on March 23, 2026**, Respondents must either: (1) provide Mr. Sharma with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Sharma from custody, under reasonable conditions of supervision. **No later than 5:00 p.m. on March 24, 2026**, Respondents must file documentation certifying that they have provided Mr. Sharma with a bond hearing or released him from detention.

To the extent the petition seeks immediate release from custody, it is **denied**.

The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 3/17/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Nazly Mamedova
Law Office of Nazly Mamedova
nazly@nazlylaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov